UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BASF CORPORATION

CIVIL ACTION

VERSUS

BLANCHARDS' AUTO PAINT &
BODY LLC

NO. 22-01008-BAJ-RLB

## RULING AND ORDER

Before the Court is Plaintiff BASF Corporation's unopposed **Motion For Default Judgment (Doc. 13)**. For reasons that follow, Plaintiff's Motion will be **GRANTED IN PART**.

I.    BACKGROUND

A. Alleged Facts

Plaintiff BASF Corporation ("BASF") alleges that BASF and Defendant Blanchards' Auto Paint & Body LLC ("Blanchards'") entered into a "Requirements Agreement" on or about August 7, 2017. (Doc. 1 at ¶ 9). Under the Requirements Agreement, Blanchards was required to purchase "refinish products" from only BASF, and to purchase at least $121,000 of such products. (*Id.* at ¶ 10). BASF furnished $19,000 in consideration to Blanchards as consideration for the Requirements Agreement, which was to be refunded at a 110% rate should the Requirements Agreement be terminated with less than one-fifth of the minimum purchase requirement having been fulfilled. (*Id.* at ¶¶ 11-12).

BASF alleges that Blanchards breached the Requirements Agreement on or about March 10, 2020, when Blanchards ceased operations and ceased purchasing BASF products. (*Id.* at ¶¶ 13-14). Blanchards' purchases of BASF products at that time amounted to $22,100. (*Id.* at ¶ 14). This sum amounts to less than one-fifth of the minimum purchase requirement specified in the Requirements Agreement. (*Id.* at ¶ 12). As a result, Plaintiff alleges that Defendant is indebted to the Plaintiff in the amount of $119,800. (*Id.* at p. 8).

### B. Procedural History

On December 9, 2022, Plaintiff sued Defendant for breach of contract. (*See id.*). On March 8, 2023, Defendant was served with a copy of the summons and complaint through personal service on Todd M. Blanchard. (Doc. 6). On April 4, 2023, Plaintiff moved for a Clerk's Entry of Default, which was entered against Defendant that same day. (Docs. 7, 8). On June 28, 2023, Plaintiff filed a Motion for Default Judgment. (Doc. 10). This motion was denied without prejudice due to Plaintiff's failure to properly attach a copy of the Requirements Agreement to Caroline Cooper's Declaration. (Doc. 12). On January 2, 2024, Plaintiff filed another Motion for Default Judgment, (Doc. 13), that corrected this mistake, (*see* Doc. 13-4). This Motion is unopposed.

## II.    LAW AND ANALYSIS

### A. Standard

Rule 55(b)(2) authorizes a district court to enter a default judgment against a party who has failed to plead or otherwise defend a lawsuit. Fed. R. Civ. P. 55. The U.S. Court of Appeals for the Fifth Circuit utilizes a three-step process for plaintiffs to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Initially, a default occurs if a party "fail[s] to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, the clerk will enter a default if the party's failure to plead or otherwise defend has been shown "by affidavit or otherwise." *New York Life Ins. Co.*, 84 F.3d at 141. After an entry of default, a party may apply to the court for a default judgment. Fed. R. Civ. Proc. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

After a party moves for a default judgment, the court undertakes a two-step process to determine whether to enter a default judgment. Initially, the Court must determine whether entry of a default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). This inquiry requires an analysis of several factors, including: (1) whether material issues of fact are present; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by the defendant. *See id.*

Next, the Court must determine whether the plaintiff's complaint sets forth facts sufficient to entitle the plaintiff to relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In this analysis, "the Court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (internal citations omitted). That being said, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

Should the Court find—after the two-step process—that entry of a default judgment is warranted, the Court must determine what form of relief the plaintiff should be granted. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F.Supp.2d 381, 384 (W.D. Tex. 2008). A defaulting defendant "concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011). Rather, a court must hold a hearing to determine the amount of damages, unless the amount claimed can be demonstrated "by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

## B. Analysis

### i. Whether Default Judgment is Appropriate

The *Lindsey* factors support the entry of a default judgment against Defendant. *See Lindsey*, 161 F.3d at 893. There are no issues of material fact because Defendant has failed to appear before this Court to offer its own arguments or version of the

facts. Plaintiff has been substantially prejudiced by Defendant's failure to file a responsive pleading or otherwise defend against the Complaint. There is no indication that Defendant's failure to respond to the complaint was caused by excusable neglect or a good faith mistake. Plaintiff has clearly established the grounds for the default. Further, Defendant's "failure to file a responsive pleading or otherwise defend the instant lawsuit mitigates the harshness of a default judgment." *EW Polymer Group, LLC v. GSX Int'l Group, Inc.*, 622 F.Supp.3d 232, 237 (M.D. La. 2022). Finally, there are no facts which suggest that reasons exist to set aside the default judgment if it were to be challenged by Defendant.

### ii. Whether Plaintiff's Complaint Establishes a Viable Claim for Relief

#### 1. Breach of Contract

Now, it must be determined whether Plaintiff's allegations, as set forth in the Complaint and accepted as true, provide a sufficient basis for judgment in its favor. *See Nishimatsu Const.*, 515 F.2d at 1206. Plaintiff has brought claims for breach of contract and unjust enrichment. (Doc. 1 at pp. 4-7). The contract in question is governed by Michigan law. (Doc. 1-3 at p. 3).

To establish a breach of contract claim under Michigan law, a plaintiff "must establish by a preponderance of the evidence that (1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach." *Media One Commc'ns LLC v. Macatawa Bank Corp.*, No. 333153, 2017 WL 2989039, at *2 (Mich. Ct. App. July 13, 2017) (quoting *Bank of Am., NA v.*

*First Am. Title Ins. Co.*, 878 N.W.2d 816 (Mich. 2016)). In order to find a contract was in existence, Plaintiff must show "(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Hess v. Cannon Twp.*, 696 N.W.2d 742, 748 (Mich. Ct. App. 2005) (quoting *Thomas v. Leja*, 187 Mich.App. 418, 422, 468 N.W.2d 58 (1991)).

Plaintiff has alleged sufficient facts to determine that a valid contract was in existence. Both parties were business entities competent to contract. (Doc. 1 at ¶¶ 1-5). The Requirements Agreement contemplated the purchase and sale of automobile refinishing products, a legal subject matter. (*Id.* at ¶¶ 10-11). Plaintiff paid Defendant $19,000 as consideration for the Requirements Agreement. (*Id.* at ¶ 11). Plaintiff has provided a copy of the Requirements Agreement, signed by both Defendant and Plaintiff, which indicates mutuality of agreement and mutuality of obligation. (*Id.* at ¶ 9).

Plaintiff has likewise pled sufficient facts to support the conclusion that Defendant breached the contract. Plaintiff asserts that Defendant ceased business operations on or about March 10, 2020. (*Id.* at ¶ 13). Defendant did not complete the mandatory minimum purchase requirements prior to ceasing operation. (*Id.* at ¶ 13).

Plaintiff has also alleged facts showing that Defendant's breach caused damage. Plaintiff was entitled to a minimum purchase requirement of $121,000 under the Requirements Agreement. (*Id.* at ¶ 10). Of this amount, only $22,100 was furnished by Defendant. (*Id.* at ¶ 14). This leaves an outstanding balance of $98,900. (*Id.*). Further, the Requirements Agreement was terminated with less than one-fifth

of the minimum purchase requirement having been fulfilled. (*Id.*). Pursuant to the Requirements Agreement, Plaintiff is thereby additionally owed $20,900. (*Id.*). For the foregoing reasons, Plaintiff has established a viable claim for breach of contract.

## 2. Unjust Enrichment

"[I]n order to sustain a claim of . . . unjust enrichment, a plaintiff must establish (1) the receipt of any benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *AFT Mich. v. Michigan*, 846 N.W.2d 583, 677-78 (Mich. Ct. App. 2014), *aff'd sub nom. AFT Michigan v. State of Michigan*, 497 Mich. 197 (2015) (citing *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006)). Here, Defendant received $19,000 from Plaintiff. (Doc. 1 at ¶ 11). This money was transferred in consideration for a contract that has not been completed. It would be inequitable to allow Defendant to retain the $19,000 benefit for purchase of a certain amount of refinish products from Plaintiff when this amount was never met. Defendant has therefore stated a viable claim for unjust enrichment.

## iii. Damages

Finally, the Court must determine damages. A defaulting defendant "concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011). A court's award of damages in a default judgment must be determined after a hearing, unless the amount claimed can be demonstrated "by

detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a court can mathematically calculate the amount of damages based on the pleadings and supporting documents, a hearing is unnecessary. *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-0889-B, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Here, Plaintiff has provided an affidavit establishing that Defendant is obligated to refund 110% of the funds furnished by Plaintiff as consideration for the Requirements Contract, since Defendant failed to meet at least one-fifth of the minimum purchase requirement. (Doc. 13-4). Plaintiff has therefore sufficiently demonstrated that it is owed $20,900. Plaintiff has also adequately demonstrated that it incurred a $402 filing fee in bringing the present action, (Doc. 13-3), which the Court may tax against Defendant as the losing party in this matter. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987) (citing 28 U.S.C. § 1920).

The Court will not impose Plaintiff's other requested damages at this time. Regarding Plaintiff's request for the Court to tax the $763.50 fee that it paid for service of process against Defendant, Plaintiff has failed to show exceptional circumstances surrounding service of Defendant support apportioning the private process server fees against it. *See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 257 (5th Cir. 1997) ("As there was nothing exceptional about the parties or the nature of the case, the district court should have denied these unnecessary private service costs.").

8

Plaintiff also requests expectation damages in the amount of $98,900. (Doc. 13-1 at p. 8). Expectation damages are "damages designed to make the plaintiff whole." *Frank W. Lynch & Co. v. Flex Techs., Inc.*, 463 Mich. 578, 586 n. 4 (2001). Plaintiff has requested the remainder of the minimum purchase requirement under the Requirements Agreement, yet it has failed to address the issue of the materials that this sum relates to. The Court therefore has no basis for calculating the amount necessary to make Plaintiff whole. Were the Court to enter expectation damages in the amount of $98,900, Plaintiff would potentially be granted a windfall because it could have sold the contemplated refinish products to different buyers at similar or greater prices than would have been paid by Defendant.

Further, should Plaintiff still be owed the profits from these refinish products in light of its relative size and subsequent status as a "lost volume seller," *Barrick Ent., Inc. v. 2257 Waterman Op. Co.*, No. 275038, 2008 WL 582551, at *5 (Mich. Ct. App. Mar. 4, 2008), Plaintiff has not provided any facts detailing the estimated profits for such materials. This seems an especially thorny issue, as the Requirements Agreement provides that refinish products were to be sold "at suggested refinish pricing," yet the contract does not specify what that pricing actually is. (Doc. 13-4 at p. 5). Nor does the Requirements Agreement specify the amount of refinish products Defendant was obligated to purchase at any given time – a fact that would presumably have substantial impact over the expectation damages calculation since Plaintiff's costs in making refinish products and the price at which the company sells

its products will constantly shift according to a myriad of factors.[1] Because Plaintiff has failed to establish the facts necessary for the Court to award expectation damages, the Court will decline to impose such costs against Defendant at this time. *See Freeman,* 605 F.2d at 857 ("damages should not have been awarded without . . . a demonstration by detailed affidavits establishing the necessary facts.").

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion for Default Judgment (Doc. 13)** be and is hereby **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that a default judgment in favor of Plaintiff against Defendant be and is hereby **ENTERED**, establishing that Plaintiff is entitled to $21,302.00 for its breach of contract and unjust enrichment claims.

**IT IS FURTHER ORDERED** that Plaintiff's request for expectation damages and private process server fees be and is hereby **DENIED WITHOUT PREJUDICE**. Plaintiff may file an additional motion seeking such damages should it wish to do so.

---

[1] The Court notes that since the Requirements Agreement was executed, there have been various notable events that presumably had some impact on Plaintiff's supply chain and associated pricing strategies, such as, for example, a global pandemic.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 12th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**